**Wu Biao YANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71136.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 19, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

HI–District Counsel, Office of the District Counsel Department of Homeland Security, Honolulu, HI, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Nancy E. Friedman, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM **

Wu Biao Yang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000). We deny the petition.

Substantial evidence supports the IJ's decision that petitioner failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. Petitioner testified that he accidently hit a government official after the government requested that he relocate his mother's burial site because the government planned to build a commercial port on the site. Because there is no evidence that the government's request to move the burial site was on account of political opinion, petitioner's asylum claim fails. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (holding that guerrilla group's attempt to recruit alien did not establish persecution based on political opinion); *Molina–Estrada v. INS*, 293 F.3d 1089, 1094–95 (9th Cir.2002) (holding that alien must show that the persecutors imputed a political opinion to him).

Because petitioner failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999).

Petitioner also fails to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he was returned to China. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

